IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS - URBANA

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-02180 |
| | ) | |
| BOARD OF TRUSTEES OF THE | ) | Honorable Colin S. Bruce |
| UNIVERSITY OF ILLINOIS, | ) | Magistrate Eric I. Long |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR
INJUNCTIVE AND OTHER RELIEF AND JURY DEMAND**

Defendant the Board of Trustees of the University of Illinois (the "University") respectfully asks the Court to dismiss Plaintiff John Doe's Amended Complaint for Injunctive Relief and Jury Demand in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support of its Motion, the University states as follows:

1. Plaintiff was an undergraduate student of the University who was suspended for two and a half years in April 2017 after the University determined, through its internal procedures, that he was responsible for an incident of sexual misconduct. Plaintiff now brings this Amended Complaint alleging, pursuant to 42 U.S.C. § 1983, that the University's procedure that led to his dismissal violated his constitutional procedural due process rights and requesting declaratory and injunctive relief.

2. As an initial matter, all of Plaintiff's claims should be dismissed pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction, since the claims are barred by Eleventh Amendment immunity.

3. This Court should also dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim. Plaintiff fails to state a claim that his suspension from the

2066799.1

University violated his procedural due process rights as a matter of law because, first, he has not established that he had a cognizable property or liberty interest under the Fourteenth Amendment that the University allegedly deprived him of without due process. Plaintiff's alleged interests in his continuing education and his "good name and reputation," are not cognizable interests under Seventh Circuit law.

4. Further, even if Plaintiff had identified a cognizable property or liberty interest in his continuing education or reputation, the allegations of the Amended Complaint and the documents referenced in and central to the Amended Complaint demonstrate that the University did not deprive Plaintiff of such an interest without due process.

5. The Amended Complaint hinges on Plaintiff's argument that he was entitled to, and did not receive, a formal hearing with all the procedural protections of a criminal trial prior to being dismissed. However, under the standard established decades ago by the United States Supreme Court, in the student disciplinary context, due process requires that a student receive "some kind of notice" and "some kind of hearing." *Goss v. Lopez*, 419 U.S. 565, 581 (1975). *Goss* and its progeny clearly establish that the "hearing" that is required amounts to "an explanation of the evidence the authorities have and an opportunity to present [one's] side of the story." *Id*. at 581. It is clear from the face of the Amended Complaint and the documents it incorporates that the University afforded Plaintiff all process he was due under *Goss* and its progeny in investigating and adjudicating the charges of sexual assault against him and reaching the decision to suspend him. There is no legal basis for Plaintiff's claim that he was entitled to a hearing with the procedural protections of a criminal trial.

WHEREFORE, for the reasons set forth above and in the University's accompanying Memorandum of Law, the University respectfully requests that this Court dismiss the Amended Complaint in its entirety, with prejudice.

                Respectfully submitted,

                BOARD OF TRUSTEES OF THE
                UNIVERSITY OF ILLINOIS,

                By: /s/ Peter G. Land
                      One of Its Attorneys

Peter G. Land
pgl@franczek.com
Gwendolyn B. Morales
gbm@franczek.com
FRANCZEK RADELET P.C.
300 South Wacker Drive, Suite 3400
Chicago, Illinois 60606
(312) 986-0300

Dated: October 10, 2017

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused the foregoing Defendant Board of Trustees of the University of Illinois' Motion to Dismiss Plaintiff's Amended Complaint for Injunctive and Other Relief and Jury Demand to be filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification to the following counsel of record this 10th day of October, 2017:

>Mark D. Roth
>Ken Hurst
>Roth Fioretti, LLC
>311 South Wacker Drive, Suite 2470
>Chicago, IL 60606
>Phone: (312) 922-6262
>Fax:    (312) 922-7747
>mark@rothfiorett.com
>ken@rothfioretti.com
>Counsel for Plaintiff

>/s/ Peter G. Land
>      Peter G. Land

2066799.1