UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  Case No. 17-CV-2180 |
| | ) |
| BOARD OF TRUSTEES OF THE | ) |
| UNIVERSITY OF ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This case is before the court for a ruling on Plaintiff's Motion for Preliminary Injunction (#13). After a careful and thorough review of the motion and the documents filed, Plaintiff's Motion for Preliminary Injunction (#13) is DENIED.

BACKGROUND

On August 8, 2017, Plaintiff filed a complaint against Defendant. Plaintiff amended his complaint on August 23, 2017. The amended compliant, which seeks injunctive and declaratory relief, alleges that Plaintiff was a student at the University of Illinois (University) when, on April 25, 2017, he was "expelled/dismissed * * * without, *inter alia*, proper notice and a hearing in violation of the Due Process afforded by Plaintiff's Fourteenth Amendment Right of the United States Constitution."

On August 31, 2017, Plaintiff filed a motion for preliminary injunction. The motion seeks an order reinstating Plaintiff to the University, allowing him to enroll in classes, and allowing him to take the final examinations to complete his sophomore semester. Plaintiff also requests an order requiring Defendant to hold a proper hearing

addressing the charges which led to his dismissal from the University.  Defendant filed a Response to Plaintiff's motion on October 10, 2017.  Plaintiff's motion is fully briefed and ready for a ruling.

ANALYSIS

A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  As a threshold matter, a party seeking a preliminary injunction must demonstrate: (1) a reasonable likelihood of success on the merits of the underlying claim; (2) the absence of an adequate remedy at law; and (3) the suffering of irreparable harm if the injunction is not granted.  *Coronado v. Valleyview Public School District 365-U*, 537 F.3d 791, 794-95 (7th Cir. 2008).  If the moving party establishes the above factors, this court then considers (1) the irreparable harm the non-moving party will suffer if the injunction is granted and (2) the public interest in granting or denying the injunction.  *Abbot Laboratories v. Mead Johnbson & Co.*, 971 F.2d 6, 11-12 (7th Cir. 1992).

After a review of the case before it, this court concludes that Plaintiff has failed to establish that, absent an injunction, he would suffer irreparable harm.[1]  In order to

---

[1] Because this court concludes that Plaintiff has failed to establish this factor, it need not determine whether Plaintiff has an adequate remedy at law or a reasonable likelihood of success on the merits.

demonstrate irreparable harm, a plaintiff must show that he will suffer immediate harm that cannot be rectified by a final judgment after trial. *Anderson v. U.S.F. Logistics (IMC), Inc.*, 274 F.3d 470, 478 (7th Cir. 2001).

Here, Plaintiff has argued that, absent an injunction, he will suffer irreparable harm because: (1) he will be unable to continue or complete his education; (2) he will face substantial social and personal repercussions as a result of the alteration of his legal status as a student based upon sexual misconduct allegations; and (3) his permanent academic record will include a gap in his education. For the reasons that follow, this court does not find any of the harm alleged by Plaintiff to be irreparable.

First, the court does not find that Plaintiff has sufficiently established that he will be unable to continue or compete his education if an injunction is not granted. While Plaintiff has alleged that he has been dismissed from the University of Illinois, there is no indication that Plaintiff is unable to attend another university. Further, although Plaintiff has been temporarily dismissed from the University, he can apply for readmission at the conclusion of his two and a half year suspension. Also important is the fact that a final judgement in Plaintiff's favor will allow him to return to his education. Thus, the harm, although temporary, is not irreparable.

Second, Plaintiff has not shown how an injunction would more fully rectify his reputation related to his dismissal based upon sexual misconduct than would a final judgment in Plaintiff's favor. Importantly, Plaintiff has already been dismissed from the University as a result of alleged sexual misconduct. Therefore, the initial injury

3

Plaintiff complains of has already occurred. While an injunction could restore Plaintiff's reputation at an earlier date, a final judgment in Plaintiff's favor would accomplish the same outcome. Importantly, Plaintiff has failed to establish that any additional injury will result if he is forced to wait for a final judgment to restore his reputation. Without such evidence, the court is not willing to find that Plaintiff has established irreparable harm will occur if an injunction is not issued.

Third, the court is not convinced by Plaintiff's argument that a gap in his academic record will cause irreparable harm. The court finds Plaintiff's argument on this point to be too speculative to warrant the extraordinary and drastic remedy of an injunction. While it is possible a future employer may inquire into the gap during a job interview, it is just as likely that the topic will not be discussed. Gaps in academic records exist for all kinds of reasons. Whether an employer would notice, inquire, or even care is too uncertain. Further, even if an injunction were issued today, and Plaintiff were permitted to resume his academic career at the University, Plaintiff's academic record would contain a gap, albeit a smaller one. Therefore, for all of these reasons, the court is not convinced that a continued gap in Plaintiff's academic record constitutes irreparable harm.

Because Plaintiff has failed to establish irreparable harm, this court concludes that Plaintiff is not entitled to a preliminary injunction or any other relief at this time. Therefore, Plaintiff's Motion for Preliminary Injunction (#13) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiffs' Motion for Preliminary Injunction (#13) is DENIED.

(2) This case is referred to Magistrate Judge Long for further proceedings.

ENTERED this 18th day of December, 2017.


s/COLIN S. BRUCE
U.S. DISTRICT JUDGE