IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS - URBANA

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-CV-02180 |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, | ) Honorable Colin S. Bruce ) Magistrate Eric I. Long |
| Defendant. | ) ) |

**DEFENDANT BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS'
MOTION TO COMPEL PLAINTIFF'S DEPOSITION**

Defendant Board of Trustees of the University of Illinois (the "University" or "Defendant"), pursuant to Rule 37 of the Federal Rules of Civil Procedure, respectfully moves this Court for an order compelling Plaintiff John Doe ("Plaintiff") to appear for a deposition. In support of its Motion, Defendant states:

1. On October 12, 2017, the parties, through their respective attorneys, submitted an agreed discovery plan. In that plan, the parties proposed deadlines of February 11, 2018 for the completion of fact discovery, April 11, 2018 for the completion of expert discovery, and May 11, 2018 for the filing of dispositive motions. *See* Ex. 1. A Rule 16 scheduling conference was held telephonically before Magistrate Judge Long on October 18, 2017. After this conference, the Court approved the parties' proposed discovery plan and set a deadline of May 11, 2018 for the filing of dispositive motions. *See* Doc. No. 26.

2. On December 18, 2017, Judge Bruce issued two opinions denying Plaintiff's motion for a preliminary injunction and Defendant's motion to dismiss. Doc. Nos. 33 & 34.

3. Following the Court's denial of these motions, a telephonic status conference was held before Judge Long on January 31, 2018, to discuss the status of discovery. At that

1

   telephonic conference, Plaintiff's counsel conveyed to the Court that he did not intend to take any depositions and intended to file Plaintiff's motion for summary judgment within 14-21 days. Defendant's counsel conveyed to the Court that Defendant intended to take Plaintiff's deposition, but that Defendant was first considering potential settlement options before proceeding to schedule that deposition. The Court suggested that given that the University intended to take Plaintiff's deposition, Plaintiff's moving for summary judgment before that deposition could create unnecessary procedural hurdles.

4. During the January 31, 2018 status conference, neither Plaintiff's counsel nor the Court mentioned the concept of completing Plaintiff's deposition by the previously set February 11 deadline, which was at that point less than two weeks away. Plaintiff's counsel also did not request that the February 11 deadline remain in effect or be extended to a specific date certain. Indeed, the Court's Minute Entry from January 31, 2018 indicates simply that "Status of discovery [was] discussed." *See* Ex. 2. The Minute Entry also set a status conference for March 16, 2018 for the parties to report back on the status of potential settlement discussions and deposition scheduling. The Court did not set a new discovery deadline at that conference or in its Minute Entry. The only deadline remaining was the May 11, 2018 dispositive motion filing deadline.

5. On January 31, 2018, following the status conference, Plaintiff's counsel e-mailed Defendant's counsel suggesting February 5, 6, 12, 13, or 14 for Plaintiff's deposition. *See* Ex. 3. Defendant's counsel responded the same day that he could not take Plaintiff's deposition by mid-February because of other commitments and a need to obtain scheduling information from the University. *See id.* Plaintiff's counsel responded that same day: "Can we push for February 14, 15, 16? Otherwise [Plaintiff] is not available

2

from February 18-26." *See id*. Plaintiff's counsel did not in these communications reference any type of short window of time for that deposition to take place under any court-mandated or plaintiff-requested deadline.

6. Approximately two weeks after Plaintiff's return from unavailability (per Plaintiff's counsel's explanation), on March 12, 2018, Defendant's counsel e-mailed Plaintiff's counsel proposing April 10, 11, or 13 for Plaintiff's deposition. *See* Ex. 4. On March 13, Plaintiff's counsel refused to discuss witness availability but, instead, responded that he was "now respectfully objecting to any deposition of [Plaintiff]" based on a position that the previously-scheduled February 11, 2018 discovery cut-off date had passed. *See id*. This was the first time Plaintiff's counsel had raised any such argument or position, despite the prior attempts to schedule Plaintiff's deposition *after* February 11, 2018.

7. In an attempt to avoid burdening this Court with a motion to compel, and pursuant to Federal Rule of Civil Procedure 37(a)(1), counsel for Defendant certifies that he in good faith conferred or attempted to confer with Plaintiff's counsel in an attempt to obtain Plaintiff's agreement to appear for a deposition without this Court's action.

8. Specifically, on March 13, 2018, Defendant's counsel e-mailed Plaintiff's counsel two separate times. *See* Ex. 5. First, Defendant's counsel explained that it was the understanding of the Court and the parties at the January 31, 2018 status conference that the February 11 deadline for fact discovery no longer applied and that the parties would work on potential settlement and then on scheduling Plaintiff's deposition, and that Plaintiff's abrupt refusal to do so in light of this history would unnecessarily require involving this Court to resolve a motion to compel. *See id*.

3

9. Second, on March 13, 2018, Defendant's counsel also forwarded Plaintiff's counsel their previous emails regarding deposition scheduling and reminded him that, on January 31, Plaintiff's counsel suggested dates in mid-February, indicated Plaintiff was not available at the end of February, did not mention a discovery deadline, and had not previously indicated any objection to a deposition after that time. *See id.*

10. On March 13, Plaintiff's counsel responded simply: "I'm sorry, however, we are firm on our objection and position regarding discovery." *See* Ex. 6. It thus appears that Plaintiff is unwilling to appear for his deposition without an order from this Court.

11. Defendant accordingly requests the Court to order the Plaintiff to appear for his deposition on a date and time certain during the week of April 9, 2018, and that such deposition continue from day to day until completed.

12. Plaintiff's deposition remains the only discovery that either party seeks to obtain, other than document production that has already been exchanged between the parties.

WHEREFORE, the University respectfully requests that Plaintiff John Doe be ordered to appear for deposition on a date and time certain during the week of April 9, 2018, that such deposition continue from day to day until completed.

                                        Respectfully submitted,

                                        BOARD OF TRUSTEES OF THE
                                        UNIVERSITY OF ILLINOIS,

                                        By: /s/ Peter G. Land
                                                One of Its Attorneys

Peter G. Land
peter.land@huschblackwell.com
Gwendolyn B. Morales
gwendolyn.morales@huschblackwell.com
Husch Blackwell LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
(312) 526-1631

Dated: March 14, 2018

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he caused the foregoing **DEFENDANT BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION** to be filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification to the following counsel of record this 14th day of March, 2018:

>Mark D. Roth
>Ken Hurst
>Roth Fioretti, LLC
>311 South Wacker Drive, Suite 2470
>Chicago, IL 60606
>Phone: (312) 922-6262
>Fax:    (312) 922-7747
>mark@rothfiorett.com
>ken@rothfioretti.com
>Counsel for Plaintiff

/s/ Peter G. Land

CHI-143934-1