E-FILED
Wednesday, 21 March, 2018  02:38:59 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS - URBANA**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17-CV-02180 |
| v. | ) | |
| | ) | Honorable Colin S. Bruce |
| BOARD OF TRUSTEES OF THE | ) | Magistrate Eric I. Long |
| UNIVERSITY OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | JURY DEMANDED |
| | ) | |

**PLAINTIFF'S OBJECTION TO
DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION**

NOW COMES Plaintiff, John Doe, by his attorneys, Mark Roth and Kenneth Hurst of Roth Fioretti, LLC, and for Plaintiff's Objection to Defendant's Motion to Compel Plaintiff's Deposition, states as follows:

1.　　On March 14, 2018, Defendant, Board of Trustees of the University of Illinois, filed its Motion to Compel Plaintiff's Deposition pursuant to Rule 37 of the Federal Rules of Civil Procedures. Defendant seeks an order of this Court to compel Plaintiff to appear for his deposition during the week of April 9, 2018. With the exception to the general citation of Rule 37, Defendant fails to cite to any legal authority that would allow Defendant to seek deposition of Plaintiff outside the discovery deadline of February 11, 2018, set and agreed to by the parties themselves under the Parties Agreed Discovery Plan. Further problematic with Defendant's Motion is its failure to cite to any diligence by the Defendant, extension request of the discovery deadline, or order by this Court reopening fact discovery. Any further delay of justice and determination of Plaintiff's rights severely prejudices Plaintiff and respectfully should be denied by this Court.

2.      The Local Rules of the United States District Court of the Central District of Illinois

states the following:

> "Dates. The parties and their counsel are bound by the dates specified in the scheduling order absent a finding of due diligence and good cause for changing said dates." Local Rule 16.2(D).

Local Rule 16.2 applies to the Scheduling Order which includes "Completion of discovery". See

Rule 16.2(E)(4). See also, FTC v. Bay Area Business Council, Inc., 423 F.3d 627 (7th Cir.2005)

(stressing importance of compliance with the Local Rules).

3.      "As with all discovery matters, district courts have broad discretion in determining

whether to grant or deny motions to compel". Knight v. Illinois Department of Natural Resources,

No. 11-CV-2071, 2014 U.S. Dist. LEXIS 42752, at *11-12 (C.D. Ill. Mar. 31, 2014). "It has been

recognized that a district court may deny a motion to compel 'as untimely due to unexplained or

undue delay or when the late motion will require an extension of the discovery period'." Id. (citing

Medicines Co. v. Mylan, Inc., 2013 U.S. Dist. LEXIS 3517, 2013 WL 120245, at *2 (N.D. Ill.

2013) (citing In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 331 (N.D. Ill. 2005)),  see also Grassi

v. Info. Res., Inc., 63 F.3d 596, 604 (7th Cir. 1995)). In fact, "motions to compel filed after the

close of discovery are almost always deemed untimely." Id. (citing Medicines Co., 2013 U.S. Dist.

LEXIS 3517, 2013 WL 120245, at *2, quoting In re Sulfuric Acid, 231 F.R.D. at 332).

4.      The parties conferred and agreed to a discovery schedule as documented and filed

under the Parties Agreed Discovery Plan. See Parties Agreed Discovery Plan, attached hereto as

Exhibit A. On October 18, 2017, a Rule 16 conference was held by telephone before Magistrate

Judge Eric. I. Long, who approved and set discovery deadline dates pursuant to the Parties Agreed

Discovery Plan.  See October 18, 2017, Minute Entry, at DKT# 26.

5.      On January 31, 2018, a telephonic conference was held before Magistrate Long to discuss the status of the case. See January 31, 2018, Minute Entry. At that time, Plaintiff's counsel conveyed to the Court that no further discovery action would be taken and that a motion for summary judgment would be filed within 14 days. Defendant's counsel conveyed to the Court that Defendant intended to take Plaintiff's deposition, but that Defendant was first considering potential settlement options before that deposition. The Court suggested that if Defendant sought to take Plaintiff's deposition, Plaintiff's moving for summary judgment before that deposition could create unnecessary procedural hurdles.  Plaintiff's counsel conveyed that he would hold off on filing such a motion for summary judgment.

6.      During the January 31, 2018, status conference, fact discovery was still open.  No request for an extension of time was sought by Defendant.  Further, the Court did not vacate the discovery deadline of February 11, 2018.

7.      No Notice of Deposition was sent to Plaintiff before the February 11, 2018, fact discovery deadline. In fact, no Notice of Deposition has ever been sent to Plaintiff.

8.      Immediately after the January 31, 2018, status conference, Plaintiff's counsel emailed Defendant's  counsel at 11:50 a.m. to provide Plaintiff's availability for deposition on February 5, 6, 12, 13, and 14 of February. See Exhibit B. Defendant's counsel responded that he will not be able to take Plaintiff's deposition by mid-February and indicated that, "We will work on that and send a deposition notice and list of alternative dates as soon as we are able." See Exhibit B. Plaintiff's counsel requested to push for February 14, 15, 16. See Id. These communications were within the time for fact discovery.

9.      Since January 31, 2018, no further communication regarding discovery was received until March 12, 2018. See Exhibit C. Defendant's counsel requested deposition dates of

3

April 10, 11, or 13. See Id. Since no further communication was received by Plaintiff and no Notice of Deposition was sent pursuant to Defendant's counsel's January 31, 2018, email; Plaintiff's counsel spent approximately two weeks drafting a motion for summary judgment. Plaintiff's counsel responded to Defendant counsel's March 12, 2018, email, respectfully objecting to any deposition of Plaintiff. See Exhibit D. Plaintiff's counsel further indicated that he would be filing a motion for summary judgment within the next 24 hours. See Id. Along with the summary judgment filed on March 14, 2018, was Plaintiff's affidavit indicating that everyday this matter continues; his reputation and good name are being severely and irreparably damaged. Plaintiff seeks to return to a reputable four year university, but cannot as long as a record on misconduct is indicated on his student file. Plaintiff suffers prejudice with any further delay, much less a two month delay to depose him outside the parties agreed discovery schedule. A deposition occurring on the week of April 9, 2018, is far beyond the original contemplation of the parties.

10.      Plaintiff has shown good faith to produce himself, contemplated within the fact discovery deadline of February 11, 2018. See Exhibit B.

11.      Defendant has not shown any due diligence on its part. There was no just reason for delaying discussion of deposition dates from January 31, 2018, to March 12, 2018. To the extent that this Court weighs on Defendant's counsel suggestion that it would contemplate settlement, which this Court should not, Plaintiff had already sought settlement with Defendant since August 2017.  In fact, on August 30, 2017, Defendant's counsel indicated that he consulted with his client regarding resolution to the matter. Further, prior to Defendant filing a motion for extension of time to answer the amended complaint, Plaintiff agreed to allow Defendants an extension of time to answer the Amended Complaint in the event that counsel again spoke to his

client to resolve the matter.  Therefore, there was no explanation or just reason not to send a Notice of Deposition to Plaintiff as indicated by Defendant's January 31, 2018, email. See Exhibit B.

12.     Therefore, this Court should respectfully deny Defendant's Motion to Compel Plaintiff's Depostion, after the agreed February 11, 2018, fact discovery deadline, and without explanation or due diligence in seeking deposition of Plaintiff.

13.     Pursuant to Rule 37(a)(5)(B), Plaintiff further requests that if Defendant's Motion is denied, that this Court award Plaintiff his reasonable expenses incurred in opposing the motion, including attorney's fees.  There is no substantial justification for Defendant's motion to compel nor is the award of expenses of $600.00 unjust.

## CONCLUSION

WHEREFORE, Plaintiff, John Doe, respectfully request that this Court deny Defendant Board of Trustees of the University of Illinois' Motion to Compel Plaintiff's Deposition. Plaintiff requests that this Court grant Plaintiff payment of expenses in the amount of $600.00 in the event that Defendant's motion is denied. Plaintiff further requests that this Court grant Plaintiff such other and further relief this Court deems just.

/s/ Mark D. Roth _____
Mark D. Roth
Ken Hurst
Roth Fioretti, LLC
311 South Wacker Drive, Suite 2470
Chicago, Illinois 60606
PH: (312) 922-6262
FX: (312) 922-7747
mark@rothfioreti.com
ken@rothfioreti.com
Counsel for Plaintiff

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 21, 2018, a copy of the foregoing **PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION** was filed electronically. Notice of this filing will be sent to all counsel registered with the Court by operation of the Court's electronic filing system.

/s/Ken Hurst_____